

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*James M. Donnelly, Rahul Agarwal and Robert L. Frazer*
*Assistant United States Attorneys*

JD/RA/RLF PL AGR
2012R00712
2013R01003

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973)297-4395
Facsimile: (973) 297-2006

**RECEIVED**
**FEB 11 2015**
AT 8:30_____M
WILLIAM T. WALSH CLERK

CR 15-74 (MLC)

July 22, 2014

Michael J. Pappa, Esq.
Rudnick, Addonizio, Pappa & Casazza, P.C.
25 Village Court
Hazlet, NJ 07730

Re: Plea Agreement with Quasim Nichols

Dear Mr. Pappa:

This letter sets forth the plea agreement between your client, Quasim Nichols, and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this agreement, the executed original must be received by this Office no later than close of business on July 30, 2014. If an executed agreement is not returned to this Office by that date, this offer will expire.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Quasim Nichols to a two-count information, which charges him with: (1) theft of a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, by force, violence, and intimidation, in violation of 18 U.S.C. § 2119(2); and (2) conspiracy to commit extortion under color of official right affecting interstate commerce, in violation of 18 U.S.C. § 1951(a). If Quasim Nichols enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Quasim Nichols for: (1) committing an armed carjacking of a 2005 BMW 645 on or about May 28, 2012; and (2) conspiring with others to accept payments in exchange for Stephon Solomon's use of his official position at the Essex County Correctional Facility to smuggle contraband, including cellular telephones and marijuana, into the correctional facility from in or about September 2013 to in or about May 2014. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Quasim Nichols agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by

1

Quasim Nichols may be commenced against him, notwithstanding the expiration of the limitations period after Quasim Nichols signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2119(2) charged in Count One to which Quasim Nichols agrees to plead guilty carries a statutory maximum prison sentence of 25 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 1951(a) charged in Count Two to which Quasim Nichols agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. The sentences on Counts One and Two may run consecutively.

The sentence to be imposed upon Quasim Nichols is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Quasim Nichols ultimately will receive.

Further, in addition to imposing any other penalty on Quasim Nichols, the sentencing judge: (1) will order Quasim Nichols to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) on Count One, must order Quasim Nichols to pay restitution pursuant to 18 U.S.C. § 3663A et seq., and on Count Two, may order Quasim Nichols to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; and (3) pursuant to 18 U.S.C. § 3583, may require Quasim Nichols to serve a term of supervised release of not more than 5 years on Count One and 3 years on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should Quasim Nichols be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Quasim Nichols may be sentenced to not more than 3 years' imprisonment on Count One and 2 years' imprisonment on Count Two in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Quasim Nichols by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Quasim Nichols' activities and relevant conduct with respect to this case.

Stipulations

This Office and Quasim Nichols agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Quasim Nichols from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Quasim Nichols waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Quasim Nichols agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Quasim Nichols will consent to the entry of a forfeiture money judgment in the amount of $4,300 in United States currency (the "Forfeiture Money Judgment"). Quasim Nichols acknowledges that the $4,300 is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1951(a), which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense.

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, Quasim Nichols shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Quasim Nichols enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Quasim Nichols fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Quasim Nichols consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Quasim Nichols agrees to consent to the entry of an order of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Quasim Nichols understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Quasim Nichols hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Quasim Nichols understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Quasim Nichols understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Quasim Nichols wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Quasim Nichols understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Quasim Nichols waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Quasim Nichols. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Quasim Nichols.

### No Other Promises

This agreement constitutes the plea agreement between Quasim Nichols and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: James M. Donnelly
Rahul Agarwal
Robert L. Frazer
Assistant U.S. Attorneys

APPROVED:

David Malagold
Chief, Organized Crime/Gangs Unit

5

I have received this letter from my attorney, Michael J. Pappa, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 11/07/014
Quasim Nichols

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 11-7-14
Michael J. Pappa, Esq.
Counsel for Quasim Nichols

6

Plea Agreement With QUASIM NICHOLS

Schedule A

1. This Office and Quasim Nichols recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Quasim Nichols nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Quasim Nichols within the Guidelines range that results from the total Guidelines offense level set forth below. This office and Quasim Nichols further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case.

**Count One: Carjacking**
**(18 U.S.C. § 2119(2))**

3. The applicable guideline is U.S.S.G. § 2B3.1. This guideline carries a base offense level of 20. See U.S.S.G. § 2B3.1(a).

4. Specific Offense Characteristic 2B3.1(b)(2)(C) applies because a firearm was brandished and possessed. This results in an increase of 5 levels. U.S.S.G. § 2B3.1(b)(2)(C).

5. Specific Offense Characteristic U.S.S.G. § 2B3.1(b)(3)(B) applies because a victim sustained serious bodily injury. This results in an increase of 4 levels.

6. Specific Offense Characteristic 2B3.1(b)(5) applies because the offense involved a carjacking. This results in an increase of 2 levels.

7. Specific Offense Characteristic 2B3.1(b)(7) applies because the loss involved more than $10,000 but less than $50,000. This results in an increase of 1 level.

8. The adjusted base offense level for Count One is 32.

**Count Two: Extortion Under Color of Official Right**
**(18 U.S.C. § 1951(a))**

9. The applicable guideline is U.S.S.G. § 2C1.1. This guideline carries a base offense level of 12. See U.S.S.G. § 2C1.1(a)(2).

10. Specific Offense Characteristic 2C1.1(b)(1) applies because the offense involved more than one extortion/bribe. This results in an increase of 2 levels.

11. Specific Offense Characteristic 2C1.1(b)(3) applies because the offense involved a public official in a sensitive position. This results in an increase of 4 levels.

12. The adjusted base offense level for Count Two is 18.

**Grouping Analysis**

13. Pursuant to U.S.S.G. § 3D1.2, Counts One and Two are not to be grouped together into a single group. Thus, there are 2 Groups.

14. Pursuant to U.S.S.G. § 3D1.4(a), Count One is the Group with the highest offense level, and it consists of one Unit.

15. Pursuant to U.S.S.G. § 3D1.4(c), Count Two is a Group that is 9 or more levels less serious than the Group with the highest offense level. Accordingly, it consists of 0 units.

16. Pursuant to U.S.S.G. § 3D1.4, there is one Unit. Accordingly, there is no increase in offense level from the multiple Groups. Thus, the total offense level is 32.

**Acceptance of Responsibility**

17. As of the date of this letter, Quasim Nichols has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Quasim Nichols' acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

18. As of the date of this letter, Quasim Nichols has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Quasim Nichols' offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Quasim Nichols enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Quasim Nichols' acceptance of responsibility has continued through the date of sentencing and Quasim Nichols therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Quasim Nichols' offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

19. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Quasim Nichols is 29 (the "agreed total Guidelines offense level").

20. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence

within the Guidelines range that results from the agreed total Guidelines offense level of 29 is reasonable.

21. Quasim Nichols knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 29. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 29. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

22. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.